IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT HOHENSTEIN,

      Plaintiff,

  v.

MGC MORTGAGE, INC., et al.,

      Defendants.

Case No. 2:12-cv-46
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

    This matter is before the Court for consideration of a motion for summary judgment filed by Defendant, MGC Mortgage, Inc. (ECF No. 42); a memorandum in opposition filed by Plaintiff, Robert Hohenstein (ECF No. 46); and a reply memorandum filed by MGC Mortgage, Inc. (ECF No. 48).  Also before this Court is a motion to strike filed by Hohenstein (ECF No. 45) and a memorandum in opposition filed by MGC Mortgage, Inc. (ECF No. 47).  For the reasons that follow, this Court finds the motion to strike well taken in part and finds the motion for summary judgment well taken.

**I.  Background**

    Plaintiff, Robert Hohenstein, executed a promissory note and mortgage related to property located in Pataskala, Ohio.  He alleges that he made payments for years to First NLC Financial Services, LLC, which did business as The Lending Center.  According to Hohenstein, Defendant, MGC Mortgage, Inc. ("MGC"), purportedly acquired certain rights to the note and mortgage as a transferee.  Hohenstein asserts that because MGC never provided him with notice of the transfer of the note and mortgage, he kept making payments to his prior mortgage servicer. At some point, Hohenstein apparently learned of the transfer and contacted MGC, which

informed him that he was three payments behind in his mortgage. MGC then transferred the note and mortgage to Dovenmuehle Mortgage, Inc. (which is no longer a party to this litigation). Hohenstein asserts that MGC again failed to provide him with notice of the transfer. A subsequent state court foreclosure proceeding occurred.

Hohenstein initiated the instant action on January 17, 2012, and soon thereafter filed a motion for a temporary restraining order to stop a scheduled sheriff's sale of the property involved. (ECF No. 4.) After this Court denied that motion, Hohenstein dropped his efforts to affect the foreclosure proceedings and instead pursued only damages related to his remaining claims. In his second amended complaint, Hohenstein asserts claims against MGC for violation of 12 U.S.C. § 2605(c), 15 U.S.C. § 1641(g), and 12 U.S.C. § 2605(b).[1] (ECF No. 33 ¶¶ 15-31.) MGC has filed a motion for summary judgment on all three claims. (ECF No. 42.) The parties have completed briefing on that motion, as well as on a related motion to strike filed by Hohenstein. (ECF No. 45.) Both motions are ripe for disposition.

## II. Motion to Strike

On December 3, 2012, MGC filed both a motion for summary judgment (ECF No. 42) and an affidavit by Jeffrey W. Tschirhart (ECF No. 41) in support of the dispositive motion. In a motion to strike, Hohenstein asks this Court to strike five specific paragraphs of that affidavit on the grounds that they present impermissible legal conclusions. (ECF No. 45.) Hohenstein argues that, as an officer of MGC, the affiant lacks the requisite personal knowledge of the

---

[1] Similar to the prior amended complaint, the Second Amended Complaint also states that Count III is under 15 U.S.C. § 2605(b); the content of the claim and the summary judgment briefing indicate that is a repeated scrivener's error and that Hohenstein intended to cite to 12 U.S.C. § 2605(b).

2

records of the other companies upon which he purports to rely.  He also asserts that Tschirhart lacks the ability to make the legal conclusions he makes regarding MGC's purported ability to enforce the note and mortgage, as well as whether there was ever an effective transfer involved.

MGC counters that this Court should deny the motion to strike because Hohenstein lacks the factual basis to assert that Tschirhart lacks personal knowledge regarding the other companies.  MGC also argues that Hohenstein has failed to identify what legal conclusion the affiant purportedly makes in paragraph 7 of the affidavit.

There is a sufficient basis set forth in paragraphs 4 and 5 of the affidavit to support Tschirhart's ability to make most if not all of the factual statements set forth in his affidavit. Paragraphs 8, 10, and 11 present permissible factual contentions.

MGC is on less stable footing in arguing that the affidavit does not set forth legal conclusions.  It does.  For example, the paragraph 6 statement that "[a]t all times relevant to the complaint, LNV was entitled to enforce the Note and Mortgage" is a legal conclusion despite MGC's characterization of the statement as merely providing a definition of a role.  (ECF No. 41 ¶ 6.)  MGC faults Hohenstein for allegedly failing to identify the legal conclusion that paragraph 6 presents, but the legal conclusion is manifest.  Paragraph 7 suffers from the same issue. Paragraphs 6 and 7 therefore improperly present legal conclusions regarding entities' legal status and consequent legal rights as factual contentions.

It does not ultimately matter whether this Court officially strikes the offending provisions because regardless of whether they are stricken, the Court will not accept as true such legal conclusions.  *See Harrah's Entm't, Inc. v. Ace Am. Ins. Co.*, 100 F. App'x 387, 394 (6th Cir. 2004) (" 'It is well settled that courts should disregard conclusions of law (or "ultimate fact")

founds in affidavits' submitted for summary judgment." (quoting *F.R.C. Int'l, Inc. v. United States*, 278 F.3d 641, 643 (6th Cir. 2002))). Because Hohenstein has bothered to file a motion to strike, however, this Court will indulge him in the technical exercise of formally striking that which it would in any event not consider.

The Court **GRANTS IN PART** and **DENIES IN PART** the motion to strike as described above. (ECF No. 45.)

### III. Motion for Summary Judgment

#### A. Standard Involved

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

### B. Analysis

MGC seeks summary judgment on Counts I and III, which are Hohenstein's Real Estate Settlement Procedures Act ("RESPA") claims under 12 U.S.C. § 2605(c) and 12 U.S.C. § 2605(b), respectively. Hohenstein asserts that MGC violated both of the foregoing provisions of 12 U.S.C. § 2605 by twice failing to notify him of the servicing transfers.

In its motion for summary judgment, MGC argues that Hohenstein has failed to present a causal link between MGC's conduct and any actual damages that he has incurred. MGC also asserts as grounds for summary judgment that it provided Hohenstein with notice of all servicing transfers.

This last rationale proves dispositive of Hohenstein's RESPA claims. Section 2605(b) and (c) require the mailing of the requisite notices to the borrower; these provisions and their implementing regulations do not require that the entity mailing the notices ensure that the borrower actually received them. *Rodriguez v. Countrywide Homes*, 668 F. Supp. 2d 1239, 1245-47 (E.D. Cal. 2009) (holding that mailing is sufficient means of providing notice under § 2605(b)); *Amaral v. Wachovia Mortg. Corp.*, 692 F. Supp. 2d 1226, 1231 (E.D. Cal. 2010) (noting *Wanger v. EMC Mortgage Corp.*, 103 Cal. App.4th 1125, 127 Cal. Rptr.2d 685 (2002), in relation to the proposition that mailing is a sufficient means of providing notice under § 2605(c)). MGC points to the affidavit of its Senior Vice President, Bret Maloney, who testifies that all of the relevant July 2009 and March 2010 notices were mailed to Hohenstein. (ECF No.

48-1, Maloney Aff. ¶¶ 6, 10.) Via his own affidavit, Hohenstein testifies only that he never *received* any of the relevant notices involved in his RESPA claims.  (ECF No. 46-1, Hohenstein Aff. ¶¶ 1, 2, 4, 11, 12, 15.)  The asserted lack of receipt is insufficient to present the RESPA violations Hohenstein pursues.

In his memorandum in opposition, Hohenstein also states that the July 23, 2009 notice letter violates RESPA because it fails to state the date that Bank of America (as the transferor) would cease to accept payments and because it fails to state that the transfer would not affect any of the terms or conditions of the security instruments.  Setting aside whether Hohenstein is impermissibly attempting to alter the substance of his claim as MGC contends, neither of his contentions are correct.  The first page of the letter provides notice of both points.  (ECF No. 46-2, at PAGEID # 321; ECF No. 48-1, at PAGEID # 363.)

Given the foregoing, MGC is entitled to summary judgment on Counts I and III.

MGC also seeks summary judgment on Count II, which is Hohenstein's Truth in Lending Act ("TILA") claim under 15 U.S.C. § 1641(g).  The substance of this claim is that MGC failed to provide Hohenstein with sufficient notice that included the information required under § 1641(g).  MGC argues that it is entitled to summary judgment because Hohenstein failed to bring this claim within the statute of limitations.  Assuming *arguendo* that there can be a viable TILA claim here, the Court nonetheless agrees that the statute of limitations proves dispositive of Count II.

15 U.S.C. § 1640(e) provides that "any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."  This statute of limitations applies to claims under §

6

1641(g).  *See Brewer v. Bank of America, N.A.*, No. 6:12-cv-1633-Orl-37GJK, 2013 WL 980281, at *2 (M.D. Fla. Mar. 13, 2013); *Dela Cruz v. HSBC Bank USA, N.A.*, No. 2:12;cv;01283-MMD-PAL, 2013 WL 487008, at *4 (D. Nev. Feb. 6, 2013); *Liponoga v. American Home Mortg. Servicing Inc.*, No. 12-CV-12829, 2012 WL 6096579, at *2 (E.D. Mich. Dec. 7, 2012).  The parties dispute whether MGC acquired the servicer rights to the mortgage in August 2009 or even as late as October 2010.  This dispute is immaterial for purposes of addressing the limitations argument because, even accepting the later date as correct, Hohenstein still failed to assert his TILA claim in a timely manner.  Instead of bringing his claim within the limitations period, Hohenstein waited until January 2012.  (ECF No. 2.)

Hohenstein concedes the late filing point and argues that his TILA claim should survive based on equitable tolling.  He asserts that he diligently pursued his rights during the months he spent attempting to discover the new servicer and that extraordinary circumstances prevented him from asserting his TILA claim earlier than he did.  Hohenstein summarizes his own explanation of the "extraordinary circumstances" component of his argument as follows:

> [T]he extraordinary circumstance that prevented Plaintiff from filing sooner was the fact that he was foreclosed upon.  The last thing on Plaintiff's mind after being served with foreclosure paperwork was suing his mortgage company for failing to properly notify him of a change in servicer.  Instead, once the foreclosure lawsuit was filed, Plaintiff began the long and arduous process of attempting to secure a loan modification.  Plaintiff continued to attempt to secure a loan modification into the spring of 2012 until he was ultimately forced to leave his home.

(ECF No. 46, at PAGEID # 317 (citation omitted).)  This explanation does not present extraordinary or compelling circumstances beyond Hohenstein's control and does not evince due diligence on Hohenstein's part.  It instead presents a dubious attempt to characterize Hohenstein's elective prioritizing and disinclination toward multitasking as sufficient cause to

7

justify undeserved tolling.  This Court declines to Hohenstein's invitation to gut any credible hurdle to obtaining equitable tolling and instead agrees with MGC that it is entitled to summary judgment on the time-barred Count II.  *See Minneweather v. Wells Fargo Bank, N.A.*, No. 12-13391, 2012 WL 5844682, at *5 (E.D. Mich. Nov. 19, 2012) (declining to apply equitable tolling to the § 1640(e) limitations period when the plaintiff failed to meet the standard for such application).

This Court therefore **GRANTS** MGC's motion for summary judgment.  (ECF No. 42.)

### IV.  Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Hohenstein's motion to strike (ECF No. 45) and **GRANTS** MGC's motion for summary judgment (ECF No. 42).  The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

                                              /s/ Gregory L. Frost
                                              GREGORY L. FROST
                                              UNITED STATES DISTRICT JUDGE